# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JABORIE BROWN,<br><br>  Petitioner,<br><br>  v.<br><br>WARDEN OF U.S.P. ATWATER,<br><br>  Respondent. | Case No. 1:20-cv-00233-SAB-HC<br><br>FINDINGS AND RECOMMENDATION TO GRANT RESPONDENT'S MOTION TO DISMISS AND DISMISS PETITION AND SUPPLEMENTAL PETITIONS FOR WRIT OF HABEAS CORPUS<br><br>(ECF Nos. 1, 14, 22, 23)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE |

Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

**I.**

**BACKGROUND**

Petitioner is currently incarcerated at the United States Penitentiary in Atwater, California. (ECF No. 1 at 1).[1] Petitioner was convicted after a jury trial in the United States District Court for the Southern District of Florida of, *inter alia*: attempt to possess with intent to distribute cocaine, in violation of §§ 841(a)(1) and 846 (count 9); substantive Hobbs Act robbery, in violation of 18 U.S.C. §§ 1951(a) and 2 (count 10); and possession of a firearm during a crime of violence and a drug-trafficking crime, in violation of 18 U.S.C. §§ 924(c) and 2 (count 11). See In re Brown, No. 19-13413-D, 2019 U.S. App. LEXIS 27792, at *2 (11th Cir. Sep. 13, 2019). On April 10, 2007, the Eleventh Circuit affirmed the judgment. United States v. Brown, 227 F. App'x 795 (11th Cir. 2007), cert. denied, 552 U.S. 937 (2007).

---

[1] Page numbers refer to the ECF page numbers stamped at the top of the page.

1

| | |
|---|---|
| 1 | On October 23, 2007, Petitioner filed his first § 2255 motion, which the United States District Court for the Southern District of Florida denied on January 7, 2008. (App. 69–70).[2] Subsequently, Petitioner filed numerous successive post-conviction challenges that were all denied. See Brown, 2019 U.S. App. LEXIS 27792, at *2. |

On October 23, 2007, Petitioner filed his first § 2255 motion, which the United States District Court for the Southern District of Florida denied on January 7, 2008. (App. 69–70).[2] Subsequently, Petitioner filed numerous successive post-conviction challenges that were all denied. See Brown, 2019 U.S. App. LEXIS 27792, at *2.

Petitioner applied to the Eleventh Circuit for leave to file a second or successive § 2255 motion based on United States v. Davis, 139 S. Ct. 2319 (2019). On September 13, 2019, the Eleventh Circuit granted Petitioner's application in part with respect to his § 924(o) conviction (count 3). Brown, 2019 U.S. App. LEXIS 27792, at *2, 10. On October 29, 2019, Petitioner filed his successive § 2255 motion in the United States District Court for the Southern District of Florida. (ECF No. 13 at 3, 6).

On February 14, 2020, Petitioner filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, requesting that this Court vacate his conviction on count 11 because the substantive law changed such that the conduct of which Petitioner was convicted is deemed not to be criminal. (ECF No. 1 at 6, 7). On September 30, 2020, Petitioner filed a supplemental petition, which provided additional arguments in support of his original petition and claim. (ECF No. 14).

On October 23, 2020, this Court granted Respondent's motion to stay this proceeding pending the resolution of Petitioner's § 2255 motion in the Southern District of Florida. (ECF No. 15). On December 3, 2020, Petitioner's § 2255 motion was denied. (App. 88–96). Thus, on December 29, 2020, the stay in this proceeding was lifted. (ECF No. 21).

On January 14, 2021, Petitioner filed another supplemental petition, which provided additional arguments in support of his original petition and claim. (ECF No. 22). On February 18, 2021, Respondent filed a motion to dismiss the petition for lack of jurisdiction because Petitioner fails to qualify for the escape hatch provision of § 2255. (ECF No. 23). To date, no opposition or statement of non-opposition has been filed, and the time for doing so has passed.

///

---

[2] "App." refers to the Appendix lodged by Respondent on February 18, 2021. (ECF No. 23-1). App. page numbers refer to the page numbers stamped at the bottom right corner.

# II.

# DISCUSSION

A federal prisoner who wishes to challenge the validity or constitutionality of his federal conviction or sentence must do so by moving the court that imposed the sentence to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255. Alaimalo v. United States, 645 F.3d 1042, 1046 (9th Cir. 2011). "The general rule is that a motion under 28 U.S.C. § 2255 is the exclusive means by which a federal prisoner may test the legality of his detention, and that restrictions on the availability of a § 2255 motion cannot be avoided through a petition under 28 U.S.C. § 2241." Stephens v. Herrera, 464 F.3d 895, 897 (9th Cir. 2006) (citations omitted).

Nevertheless, a "savings clause" or "escape hatch" exists in § 2255(e) by which a federal prisoner may seek relief under § 2241 if he can demonstrate the remedy available under § 2255 to be "inadequate or ineffective to test the validity of his detention." Alaimalo, 645 F.3d at 1047 (internal quotation marks omitted) (quoting 28 U.S.C. § 2255); Harrison v. Ollison, 519 F.3d 952, 956 (9th Cir. 2008); Hernandez v. Campbell, 204 F.3d 861, 864–65 (9th Cir. 2000) (per curiam). The Ninth Circuit has recognized that it is a very narrow exception. See Ivy v. Pontesso, 328 F.3d 1057, 1059 (9th Cir. 2003). The remedy under § 2255 usually will not be deemed inadequate or ineffective merely because a prior § 2255 motion was denied, or because a remedy under § 2255 is procedurally barred. Id. The burden is on the petitioner to show that the remedy is inadequate or ineffective. Redfield v. United States, 315 F.2d 76, 83 (9th Cir. 1963).

"An inquiry into whether a § 2241 petition is proper under these circumstances is critical to the determination of district court jurisdiction" because § 2241 petitions must be heard in the custodial court while § 2255 motions must be heard in the sentencing court. Hernandez, 204 F.3d at 865. If the instant petition is properly brought under 28 U.S.C. § 2241, it may be heard in this Court. Conversely, if the instant petition is in fact a disguised § 2255 motion, it must be heard in the United States District Court for the Southern District of Florida as the sentencing court.

A petitioner may proceed under § 2241 pursuant to the escape hatch when the petitioner "(1) makes a claim of actual innocence, and (2) has not had an 'unobstructed procedural shot' at presenting that claim." Stephens, 464 F.3d at 898 (citing Ivy, 328 F.3d at 1060).

Here, Petitioner argues that because Hobbs Act robbery is not categorically a crime of violence under the elements clause of § 924(c)(3)(A), Petitioner is actually innocent and his conviction under 18 U.S.C. § 924(c) should be vacated. Section 924(c) proscribes a mandatory consecutive imprisonment term for using or carrying a firearm "during and in relation to any crime of violence or drug trafficking crime," 18 U.S.C. § 924(c)(1)(A). The term "crime of violence" is defined as "an offense that is a felony and—"

> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3). Clause (A) of this definition is known as the elements clause or force clause, and clause (B) is known as the residual clause. United States v. Davis, 139 S. Ct. 2319, 2324 (2019); United States v. Watson, 881 F.3d 782, 784 (9th Cir. 2018) (per curiam), cert. denied, 139 S. Ct. 203 (2018).

In United States v. Davis, 139 S. Ct. 2319 (2019), the Supreme Court held that 28 U.S.C. § 924(c)(3)(B)—the residual clause—is unconstitutionally vague. Regardless, all the federal courts of appeals have held that Hobbs Act robbery qualifies as a crime of violence under § 924(c)(3)(A)'s elements clause. United States v. Dominguez, 954 F.3d 1251, 1260 (9th Cir. 2020) ("We previously held . . . that Hobbs Act robbery is a crime of violence under the elements clause. We are in unanimous company. All of our sister circuits have considered this question too, and have held that Hobbs Act robbery is a crime of violence under the elements clause." (citations omitted)); United States v. St. Hubert, 909 F.3d 335, 345 (11th Cir. 2018) ("[T]his Court has already held that Hobbs Act robbery . . . independently qualifies as a crime of violence under § 924(c)(3)(A)'s use-of-force clause."), cert. denied, 139 S. Ct. 1394 (2019).

As Hobbs Act robbery qualifies as a crime of violence under § 924(c)(3)(A)'s elements clause, Petitioner has not established a cognizable claim of actual innocence for purposes of qualifying for the escape hatch. "[F]or Petitioner's claim to be a legitimate § 2241 petition, he must satisfy both . . . requirements." Muth v. Fondren, 676 F.3d 815, 819 (9th Cir. 2012). As

Petitioner has not established a cognizable claim of actual innocence, this Court lacks jurisdiction over the petition and supplemental petitions, and they should be dismissed.

### III.

### RECOMMENDATION & ORDER

Accordingly, the undersigned HEREBY RECOMMENDS that Respondent's motion to dismiss (ECF No. 23) be GRANTED and the petition and supplemental petitions (ECF Nos. 1, 14, 22) be DISMISSED.

Further, the Clerk of Court is DIRECTED to randomly assign this action to a District Judge.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **THIRTY (30) days** after service of the Findings and Recommendation, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within fourteen (14) days after service of the objections. The assigned United States District Court Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **June 1, 2021**

UNITED STATES MAGISTRATE JUDGE

5